83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Keith FALVEY, Defendant-Appellant.
 No. 95-50451.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Keith Falvey appeals his six-month sentence imposed following the entry of a guilty plea to possession of a counterfeit postal key, in violation of 18 U.S.C. § 1704. Falvey contends that the district court erred by failing to grant a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir.1993). Significant evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3). In determining whether a defendant qualifies for an acceptance of responsibility adjustment, the court may consider post-offense rehabilitative efforts such as counseling or drug treatment. See U.S.S.G. § 3E1.1, comment. (n. 1(g)). The sentencing judge's evaluation is entitled to great deference on review. Acuna, 9 F.3d at 1446.
 
 
 4
 Here, the district court found that Falvey flaunted a direct order of the Pretrial Services Officer by leaving the drug rehabilitation facility where Falvey resided. The court concluded that Falvey's behavior was "contraindicative of rehabilitation" and denied the acceptance of responsibility reduction. The district court's decision was not clearly erroneous. See U.S.S.G. § 3E1.1, comment (n. 1(g)); Acuna, 9 F.3d at 1446; see also United States v. Thompson, No. 95-30210, slip op. 4049, 4054 (9th Cir. Apr. 3, 1996) (defendant not entitled to § 3E1.1 reduction where she absconded before sentencing despite strong evidence of acceptance of responsibility).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3